IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRENT POPPELL,

    Plaintiff,

v.                                     CASE NO. 4:16cv61-RH/CAS

CITY OF TALLAHASSEE,

    Defendant.

_____/

## ORDER AWARDING ATTORNEY'S FEES AND COSTS

This case arose under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4344. The City of Tallahassee Fire Department rejected the plaintiff Brent Poppell's application to be a firefighter because he was on temporary duty with the Army National Guard and thus unavailable for an interview at the designated time. After a summary-judgment hearing, I announced on the record a ruling on liability in Mr. Poppell's favor. Before the ruling was confirmed in a written order, the parties settled the case. They agreed Mr. Poppell was entitled to an award of attorney's fees and costs, but they did not agree on the amount, leaving that for determination by the court. Each side now has briefed and submitted declarations on that issue.

I

A series of Supreme Court decisions addresses the proper approach to calculating a fee award in a case like this. *See, e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). In most cases, the award should consist of a reasonable hourly rate for the hours reasonably devoted to the case, sometimes denominated the "lodestar." In important respects, *Perdue* changed the circuit's methodology as set out in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). *See Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035 (11th Cir. 2010) (noting *Perdue*'s effect on *Norman*). But surviving parts of *Norman* and the old Fifth Circuit's landmark decision in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), remain useful guideposts. The dispute here is not over these principles but over their proper application.

Each side has submitted declarations opining on reasonable attorney's fees in this district for the work done by Mr. Poppell's attorneys in this case. The law of the circuit also recognizes that a district court is itself an expert on attorney's fees. *See, e.g.*, *Norman*, 836 F.2d at 1303. I have reviewed the entire record, considered the opinions of the experts, and have brought to bear my own experience, both as a district judge and as a practicing attorney in this community who sent thousands of bills to clients through the years and (as a small subset of a more general litigation practice) handled employment cases on both sides. The result would be the same if

I considered only the record and expert testimony, without regard to my own experience.

## II

The attorneys in Mr. Poppell's lead law firm, Dickens Reid PLLC, spent more time on this case than was necessary. This probably resulted primarily from two factors. First, at least as shown by this record, the attorneys have limited litigation experience and little or no experience in federal court. Second, the lead attorney, Thomas L. Dickens III, is a combat veteran with enormous and commendable dedication to veterans; he and the firm's other attorneys went the extra mile, even when there was no need to do so.

Too few attorneys prepare as well as they should. The finding that these attorneys spent more time on the case than necessary is not intended as a criticism. Quite the contrary. But at some point, additional work is not reasonably charged to a fee-paying client and is not properly taxed to the other side as part of a fee award. These attorneys passed that point. Eliminating unnecessary hours is the essence of billing judgment.

The City's well-qualified fee expert Christopher B. Lunny reviewed Mr. Poppell's attorneys' claimed hours line by line, identifying proposed reductions. I do not accept Mr. Lunny's analysis in every detail, but many of his conclusions are correct. An example: hours—indeed days—were devoted to preparing for a

mediation that an experienced attorney would have prepared for in far less time. And while parties can properly staff cases with multiple attorneys, here there was more overlap than necessary.

I find that an across-the-board 20% reduction is appropriate for the hours claimed by the Dickson Reid attorneys. This reflects my analysis of the hours, not my analysis of the proper hourly rate. I have commented in this section of this order on the attorneys' limited experience only as an explanation for the excessive hours—not as a reason for reducing the hours. I have not double counted the limited experience.

### III

The limited litigation experience of the attorneys in Mr. Poppell's lead firm calls for lower hourly rates than they have claimed. No purpose would be served by discussing in this order every consideration relevant to determining reasonable hourly rates. This order hits the high points.

First, these attorneys have provided limited information about their professional backgrounds or litigation experience or about their actual billing results—things like the portion of the firm's practice that consists of fee-paying clients, and what rates the firm bills *and collects* from those clients. And even though Mr. Poppell filed a reply memorandum and declarations in response to the City's memorandum opposing the fee motion, he did not respond to the assertion

that the attorneys have limited litigation experience and, until this case, none in federal court.

Second, the attorneys achieved an excellent result. The case presented primarily a straightforward legal issue on liability with little authority on point, together with well-established remedy issues that were neither factually nor legally complex. Correctly analyzing an issue on which there is scant authority often requires greater skill than analyzing an issue on which there is abundant authority. These attorneys were able to identify the legal issue and to present it with skill. And the attorneys managed to deal with the facts well enough to keep from gumming up the straightforward legal issue.

Third, attorneys are available to handle cases of this kind in this community, including on a contingent basis. No premium is appropriate based on the scarcity of attorneys willing to take on such cases. Mr. Dickens is a combat veteran who connects well with, and advocates well for, veterans. But reasonable hourly rates turn primarily on skills that bear on the litigation. An attorney with years in the courtroom could reasonably command a higher hourly rate for handling this case than an attorney with multiple deployments but little time in the courtroom. Any competent federal litigator could have handled this case, with or without USERRA or military experience.

Fourth, it would be wrong to suggest that the case could have been handled well by anyone with a bar card. This was substantial federal litigation requiring both general litigation skills and expertise in—or a significant amount of time to learn—the governing substantive law. The appropriate hourly rate is not higher than good attorneys customarily charge in this community for significant federal litigation of other kinds, but neither is the appropriate rate lower than good attorneys customarily charge for such work.

Under all the circumstances, applying all the relevant factors, I find that a reasonable hourly rate is $300 for Mr. Dickens, $300 for John Laurance Reid, and $100 for Sarah H. Bailey. The rate for Ms. Bailey is a blended rate for time both before and after her admission to the Bar. A reasonable rate for Mr. Poppell's other attorney, Marie A. Mattox, is $450—consistent with awards in other cases based on Ms. Mattox's extensive experience in employment litigation, including dozens of jury trials. The decision to bring Ms. Mattox on board was reasonable.

## IV

I find that the lodestar calculated as set out above is a reasonable fee and that no further adjustment should be made. The fee award is properly calculated as follows:

| | | |
|---|---|---|
| Mr. Dickens | 198.5 hours x 80% x $300 | $47,640 |
| Mr. Reid | 38.9 hours x 80% x $300 | $ 9,336 |

| | | |
|---|---|---|
| Ms. Bailey | 92.8 hours x 80% x $100 | $ 7,424 |
| Ms. Mattox | 9.7 hours x 80% x $450 | $ 3,492 |
| Total | | $67,892 |

I have reviewed this fee in light of the overall circumstances of the case—the attorneys' experience, the work done, the results achieved, the fees customarily charged in this community for work of this kind and quality, and the other factors that properly inform a fee award. Awarding fees is not an exact science, just as an attorney's billing judgment when working for a fee-paying client is not an exact science. Under all the circumstances, this is the appropriate fee.

V

In a fee-shifting case of this kind, a successful plaintiff may recover, as part of attorney's fees, expenses of a kind that attorneys in the community customarily recover from their clients, even when the expenses are not costs that are taxable under 28 U.S.C. § 1920.

Mr. Poppell has claimed expenses and taxable costs of $8,722.50. She is entitled to recover the amounts claimed—most of which are taxable costs—with these exceptions. First, Mr. Poppell has not shown a basis to recover the $1,200 paid to Sam Wright for "USERRA Consulting." Mr. Poppell is not entitled to recover the $1,300 paid to Forensic Data Corp., because there was no reasonable need for that firm's services. Mr. Poppell is entitled to recover a reasonable

attorney's fee for Ms. Piscitelli's services on the fee motion, but the record supports only an hourly rate of $300 for six hours of work—a reduction of $200 from the amount claimed. These exclusions lead to an award for costs and expenses of $6,022.50, calculated as $8,722.50 less $1,200 less $1,300 less $200.

VI

For these reasons,

IT IS ORDERED:

The motion for attorney's fees, ECF No. 49, is granted in part. The clerk must enter judgment stating, "It is ordered that the plaintiff Brent Poppell recover from the defendant City of Tallahassee the amount of $73,914.50 as costs and attorney's fees." The judgment will bear interest from the date of its entry as provided by law.

SO ORDERED on December 28, 2016.

                    s/Robert L. Hinkle
                    United States District Judge